**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **LAURA COLLEY HAMILTON,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 6:25-CV-344-JDK** |
| **TYLER INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | **JURY DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR CONTINUANCE UNDER RULE 56(d) AND TO REOPEN DISCOVERY FOR A LIMITED PURPOSE [DKT. 17]**

**TO THE HONORABLE JUDGE OF SAID COURT:**

## I. INTRODUCTION

Tyler ISD says Plaintiff's Motion for Continuance Under Rule 56(d) (Dkt. 17) has no declaration behind it. Dkt. 21 ¶¶ 2.2, 3.1–3.2. That is correct. Plaintiff filed the Motion on October 1, 2026 with a proposed order and no declaration, and she should have filed the declaration with it. The Court has not ruled. Plaintiff therefore files the declaration of her counsel now, as Exhibit A, before the Court decides the Motion.

The declaration does what Rule 56(d) asks. It states, for specified reasons, what Plaintiff cannot yet present and what each item of discovery will show. It also corrects two statements in the Motion. Tyler ISD caught one of them, and Plaintiff will say plainly where the Motion was wrong.

## II. THE DECLARATION SUPPLIES THE SPECIFIED REASONS THE RULE REQUIRES

### *A. What Rule 56(d) requires, and what the declaration shows.*

A nonmovant who "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" may obtain a deferral, a denial without prejudice,

time to take discovery, or other appropriate relief. Fed. R. Civ. P. 56(d). The Fifth Circuit treats such requests as "broadly favored and … liberally granted," because the Rule protects nonmovants from motions they cannot yet oppose. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). The nonmovant must identify the facts she expects discovery to produce and show how they would affect the outcome, and she must show diligence. *Id.*; *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

The declaration of William S. Hommel, Jr. (Exhibit A) states the discovery history within counsel's personal knowledge: Plaintiff served her first requests on February 9, 2026; Tyler ISD answered one hundred seventy-nine days later, on August 7, after changing counsel in June; its September 2 supplementation, two days before the September 4 deadline, still omitted the records of the December 17, 2024 ARD meeting and every record concerning another diagnostician. Ex. A ¶¶ 3–5. It then lists, item by item, what Plaintiff cannot yet present and why each item matters. Ex. A ¶ 7. In summary:

(a) **Protected activity.** The ARD notice, attendance, and placement decision for December 17, 2024. Tyler ISD denies Plaintiff attended or objected, and holds the records that would show who did. Ex. A ¶¶ 5, 7(a).

(b) **Causation and the Board's knowledge.** The Trustees' and administrators' testimony on what the Board was told before it voted on January 23 and February 17, 2025, and the Board minutes and materials. Tyler ISD's motion argues Plaintiff has no evidence the Board knew. Dkt. 16 ¶ 5.10. Ex. A ¶ 7(d), (g).

(c) **Pretext.** The communications among the administrators from December 6 through 20, 2024; who "notified" Mr. Lowe and who ran the December 17 badge report; how the Peete badge readers record entry; and the depositions of Mr. Lowe, Ms. Taylor, and Mr. Walsworth. Tyler ISD's two declarants supply its entire evidentiary case. Ex. A ¶ 7(b), (c), (e).

(d) **Comparators.** A verified answer to Interrogatory No. 14 and records of discipline or timeline extensions for other diagnosticians. Ex. A ¶ 7(f).

***B. Plaintiff corrects two statements in the Motion.***

The Motion stated that the discovery deadline was July 23, 2026, and that Tyler ISD supplemented "six weeks after the discovery deadline had passed." Dkt. 17 ¶¶ 4, 7. The Court extended the deadline to September 4, 2026, on Tyler ISD's own unopposed motion. Dkts. 14, 15. Tyler ISD's September 2 supplementation was not late, as Tyler ISD points out. Dkt. 21 at 1 n.1. The Motion also stated that Tyler ISD identified Destry Walsworth "for the first time" on September 2. Dkt. 17 ¶ 8. Tyler ISD named him in its August 7 answer to Interrogatory No. 11, and the September 2 answer did not change it. Ex. A ¶ 2. The Motion disclosed that Plaintiff did not move to compel before the deadline. Dkt. 17 ¶ 9. She is filing a Motion to Compel with her Response to the summary judgment motion.

Neither correction changes the core of the Motion. Tyler ISD answered six months late and produced its personnel, evaluation, and organizational records two days before the deadline. The depositions Plaintiff seeks could not responsibly be taken before she had the answers and records they would test. Ex. A ¶¶ 4, 6.

## III.
## THE LATE DECLARATION DOES NOT JUSTIFY DENYING THE MOTION

Tyler ISD argues that a Rule 56(d) request without a declaration should be denied on that ground alone. Dkt. 21 ¶¶ 2.2, 3.1. The authorities it cites do not address a declaration tendered before the Court ruled. Plaintiff tenders the declaration before the Court has decided the Motion, the Motion itself described the specific facts at issue, and Tyler ISD answered each of them on the merits. Dkt. 21 ¶¶ 3.3–3.10. Tyler ISD cannot claim surprise or prejudice. Its response addressed the diligence and materiality questions the declaration now answers, and the summary judgment response is not due until October 13, 2026, twenty-one days after the motion was served on September 22, 2026. Local Rule CV-7(e); Dkt. 16 at 17.

Tyler ISD's other objections fail for the reasons the Motion and the declaration give. Plaintiff has been diligent: she served discovery in February and Tyler ISD held the responses for six months. Dkt. 21 ¶ 3.6; Ex. A ¶¶ 3–6. The discovery is material, because it goes to the three elements Tyler ISD's motion says Plaintiff cannot prove. Dkt. 21 ¶¶ 3.3–3.5; Ex. A ¶ 7. And good cause exists to modify the Scheduling Order for the same reasons. Dkt. 17 ¶¶ 22–23. Trial is set for January 19, 2027, and the limited discovery Plaintiff seeks would close on November 6, 2026.

## IV. RELIEF REQUESTED

Plaintiff asks the Court to consider the Declaration of William S. Hommel, Jr. (Exhibit A) as part of her Motion for Continuance (Dkt. 17); to grant the relief requested in that Motion; and to grant her all other relief to which she is entitled. Plaintiff has filed her Response to Defendant's Motion for Summary Judgment on the existing record, subject to the Motion, so that the Court has a full response before it however it rules.

Exhibit A: Declaration of William S. Hommel, Jr.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Telephone/Facsimile

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on October 10, 2026, this document was filed using the CM/ECF system of the United States District Court for the Eastern District of Texas, which will send notice to all counsel of record.

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.