Docusign Envelope ID: 7B7D1436-E911-806D-81B2-B1450CA8BBE7


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **LAURA COLLEY HAMILTON,**<br>**Plaintiff,** | §<br>§<br>§ | |
| **v.** | § | **Civil Action No. 6:25-CV-344-JDK** |
| **TYLER INDEPENDENT SCHOOL DISTRICT,**<br>**Defendant.** | §<br>§<br>§<br>§ | |

**DECLARATION OF WILLIAM S. HOMMEL, JR.**

I, William S. Hommel, Jr., declare as follows:

1. I am the attorney of record for Plaintiff Laura Colley Hamilton. I am over eighteen years old and competent to make this declaration. I have personal knowledge of the facts stated here. I make this declaration under Federal Rule of Civil Procedure 56(d) in support of Plaintiff's Motion for Continuance Under Rule 56(d) and to Reopen Discovery for a Limited Purpose (Dkt. 17) (the "Motion"). The Motion was not sworn. This declaration swears to its facts and states, for specified reasons, the additional discovery Plaintiff needs to respond to Defendant's Motion for Summary Judgment.

2. I have reviewed the statement of the discovery history in the Motion. The facts stated there that are within my personal knowledge are true and correct, except as corrected in this paragraph. First, the discovery deadline in this case was extended to September 4, 2026, so Defendant's September 2, 2026 supplementation was served before the deadline and not after it. Second, Defendant identified Destry Walsworth, its Chief of Police, in its answer to Interrogatory No. 11 served August 7, 2026, and not for the first time on September 2, 2026. The September 2 answer did not change that identification.

3. On February 9, 2026, I served Plaintiff's First Request for Admissions and Plaintiff's First Set of Interrogatories on Defendant's then counsel of record, John C. Hardy, by email. The same day I sent Mr. Hardy a request, made under the Court's Discovery Order, which requires voluntary disclosure of documents, that Defendant disclose twenty-one categories of documents, including Plaintiff's personnel file, statements from any person concerning the allegations of this suit, and documents concerning the reasons for Plaintiff's separation and the identity of anyone who made or provided input into that decision.

4. Defendant did not respond within thirty days. It responded to the requests for admission, the interrogatories, and the document request on August 7, 2026, one hundred seventy-nine days after service, through substitute counsel who had appeared in June 2026. Defendant's first production of documents was made the same day. On August 12, 2026, I notified Defendant's counsel of gaps in its production and answers. On September 2, 2026, two days before the discovery deadline, Defendant made a supplemental production and served amended interrogatory answers. Defendant has never answered Interrogatory No. 14, which asks it to identify other employees and applicants who have made discrimination claims against it.

5. I have reviewed Defendant's production. As of the date of this declaration it does not include: (a) any record of the December 17, 2024 ARD meeting Plaintiff describes, such as the notice, attendance, the placement decision, or any recording; (b) any communication of Principal LaRena Brooks, or any communication among Dr. Julie Davis, Chris Bell-Roberson, Dr. Lance Groppel, Cody Lowe, Sheri Barberee Taylor, and Hilda Perez between December 6 and December 20, 2024, other than a few emails; (c) the minutes of the Board's February 17, 2025 meeting or the agenda for its January 23, 2025 meeting; (d) any record of discipline or timeline extensions for any other diagnostician; or (e) any dated document, before December 18, 2024, that accuses Plaintiff of falsifying a record.

6. No deposition has been taken in this case. Defendant did not respond to written discovery until August 7, 2026, changed counsel in June 2026, and made its personnel, evaluation, and organizational production on September 2, 2026, two days before the discovery deadline. I prepared, but did not serve, a notice of deposition of Defendant's corporate representative under Rule 30(b)(6). Plaintiff did not move to compel before the discovery deadline.

7. Defendant's Motion for Summary Judgment argues that Plaintiff cannot prove that she engaged in protected activity, that the Board of Trustees knew of it, or that Defendant's stated reasons for terminating her were a pretext. It rests on declarations from Cody Lowe and Sheri Barberee Taylor, neither of whom has been deposed. Plaintiff cannot present facts essential to oppose the motion without the following discovery, and I expect each item to show what is stated:

(a) The records of the December 17, 2024 ARD meeting, which I expect to show who attended, who objected to the placement, who made the decision, and who afterward learned of the objection. This goes to protected activity and to who knew of it.

(b) The communications of Ms. Brooks, Ms. Perez, Dr. Davis, Mr. Bell-Roberson, Dr. Groppel, Mr. Lowe, and Ms. Taylor from December 6 through December 20, 2024 concerning Plaintiff, which I expect to show when the falsification theory arose and who started it. This goes to causation and pretext.

(c) The identity of the person who notified Mr. Lowe on December 6, 2024, and of the person who ran the December 17, 2024 badge-access report and why, which I expect to show whether the falsification inquiry began before or after the ARD meeting. This goes to causation.

(d) Depositions of Mr. Lowe, Ms. Taylor, Deputy Superintendent Ron Jones, Dr. Davis, Mr. Bell-Roberson, Chief Destry Walsworth, and the members of the Board of Trustees on what the Board was told, and by whom, before it voted on January 23 and February 17, 2025, which I expect to show what the Board knew of Plaintiff's objection and on whose account it acted. Defendant's motion argues Plaintiff has no evidence the Board knew.

(e) Records and testimony on how the badge readers at Peete Elementary record entry, and on Plaintiff's work schedule, including her hybrid workdays, which I expect to show whether the absence of a badge entry shows that she was not on campus. This goes to pretext.

(f) A complete, verified answer to Interrogatory No. 14, and records of discipline or timeline extensions for other diagnosticians, which I expect to show whether

Defendant treated others who missed evaluation timelines, or who complained of discrimination, differently from Plaintiff. This goes to pretext.

(g) The minutes of the Board's February 17, 2025 meeting, the agenda for its January 23, 2025 meeting, and the materials the Board received on Plaintiff's termination, which I expect to show what information the Board had when it acted. This goes to causation.

8. Each item is within Defendant's control. The witnesses are Defendant's current or former personnel and members of its Board, and the documents can be produced within seven days of an order. I expect the depositions can be completed within thirty days of an order. Plaintiff asks that discovery be reopened for this limited purpose through November 6, 2026, as the Motion requests, and that she be given twenty-one days after it closes to respond to Defendant's Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on 10/10/2026 | 12:26 PM PDT.

DocuSigned by:

[signature]

0301533251EC451...

William S. Hommel, Jr.

docusign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 7B7D1436-E911-806D-81B2-B1450CA8BBF7 | | Status: Completed |
| Subject: Please sign | | |
| Source Envelope: | | |
| Document Pages: 4 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | William S Hommel Jr |
| AutoNav: Enabled | | 5620 Old Bullard Road, Suite 115 |
| EnvelopeId Stamping: Enabled | | Tyler, TX 75703 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | bhommel@hommelfirm.com |
| | | IP Address: 20.165.34.177 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>10/10/2026 12:25:07 PM | Holder: William S Hommel Jr<br>bhommel@hommelfirm.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| William S Hommel Jr<br>bhommel@hommelfirm.com<br>Owner<br>Hommel Law Firm PC<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Drawn on Device<br>Using IP Address: 172.110.25.27 | Sent: 10/10/2026 12:25:37 PM<br>Viewed: 10/10/2026 12:25:56 PM<br>Signed: 10/10/2026 12:26:10 PM |

**Electronic Record and Signature Disclosure:**
Not Offered via Docusign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 10/10/2026 12:25:37 PM |
| Certified Delivered | Security Checked | 10/10/2026 12:25:56 PM |
| Signing Complete | Security Checked | 10/10/2026 12:26:10 PM |
| Completed | Security Checked | 10/10/2026 12:26:10 PM |

| Payment Events | Status | Timestamps |
|---|---|---|